Filed 3/7/16  P. v. Brooks CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064489 |
| v. | (Super.Ct.No. CR28894) |
| JAY CURTIS BROOKS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Jay Curtis Brooks, in pro. per.; and Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Jay Curtis Brooks appeals from an order denying his petition to reduce his 1988 robbery (Pen. Code, § 211) conviction to a misdemeanor under Penal Code section 1170.18.[1] We find no error and will affirm the order.

I

FACTUAL AND PROCEDURAL BACKGROUND[2]

On February 26, 1988, defendant entered a mini-mart and brought a six-pack of beer to the check-out counter. As a clerk rang up the bill, defendant ordered him to give her all the money. When the clerk attempted to alert her coworkers, defendant became angry and said " 'hand it all over to me . . . I'll shoot you . . . I'll shoot you.' " The clerk became frightened when she saw the outline of a handgun protruding from defendant's jacket pocket. The clerk grabbed the money from the cash register and gave it to defendant. Defendant then fled.

Defendant was subsequently apprehended by responding police officers. Defendant admitted to the robbery but claimed that he did not have a gun or threaten the clerk. He explained that he had no money, " 'panicked' " and decided to rob the mini-mart.

On February 29, 1988, a felony complaint was filed charging defendant with one count of robbery (§ 211).

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] The factual background is taken from the probation report.

On March 15, 1988, defendant pled guilty to the offense. In return, defendant was placed on formal probation for a period of 36 months on various terms and conditions.

On November 4, 2014, voters enacted Proposition 47, entitled "the Safe Neighborhoods and Schools Act" (hereafter Proposition 47). It went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) As of its effective date, Proposition 47 classifies as misdemeanors certain drug- and theft-related offenses that previously were felonies or "wobblers," unless they were committed by certain ineligible defendants. (§ 1170.18, subd. (a).) Proposition 47 also created a new resentencing provision: section 1170.18. Under section 1170.18, a person currently serving a felony sentence or a person who has completed his or her sentence, whether by trial or plea, for an offense that is now a misdemeanor under Proposition 47, may petition before the trial court that entered the judgment of conviction in his or her case to have the felony conviction designated as a misdemeanor. (§ 1170.18, subds. (a) & (f).)

On April 13, 2015, defendant in propria persona filed a petition to reduce his 1988 robbery conviction to a misdemeanor pursuant to section 1170.18.[3] Defendant argued that he had served less than one year for the 1988 robbery offense; that section 1170.18 should be construed liberally; that he is 56 years old; that he had remained discipline free while in prison; and that he has support, including family and work, outside of prison. The People filed a response, noting robbery is not a qualifying offense.

---

[3] Defendant filed his petition from state prison, presumably while serving a sentence on another matter.

On August 17, 2015, the trial court denied defendant's petition, finding robbery in violation of section 211 "is not a qualifying felony."

On September 28, 2015, defendant filed an amended notice of appeal from the denial of his petition.

II

DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him on appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting that this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. In his supplemental brief, defendant asserts that because he was placed on probation and did not violate probation following his guilty plea for robbery, his sentence was a conditional sentence. And, therefore, his 1988 robbery conviction qualifies for relief under Proposition 47. He further argues that the court should be analyzing his sentence and not the initial robbery charge. Defendant's arguments are unpersuasive.

As previously noted, Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Among the crimes reduced to misdemeanors by Proposition 47, rendering the person convicted of the crime eligible for

4

resentencing, are: shoplifting where the property value does not exceed $950 (§ 459.5); petty theft, defined as theft of property where value of the money, labor, real or personal property taken does not exceed $950 (§ 490.2); and receiving stolen property where the property value does not exceed $950 (§ 496). (§ 1170.18, subd. (a).) Section 1170.18 does not list section 211, the offense at issue in the present appeal, as one of the code sections amended or added by Proposition 47. (*Ibid*.) In other words, Proposition 47 left the felony offense of robbery unchanged. (§ 211.) Thus, defendant is simply not statutorily eligible for relief under section 1170.18, despite the fact he was placed on probation for that offense.

Nowhere does Proposition 47 suggest that a court examine a defendant's sentence in determining eligibility. Proposition 47 lists a specific series of crimes that qualify for reduction to a misdemeanor, separated with the conjunction "or" and ending with the phrase "as those sections have been amended or added by this act." (§ 1170.18, subd. (a).) Again, that list does not include section 211. "The legislative inclusion of the . . . crimes . . . necessarily excludes any other[s]." (*People v. Gray* (1979) 91 Cal.App.3d 545, 551.) Defendant was ineligible for resentencing as a matter of law. As such, based on the statutory language, the court properly denied defendant's petition to reduce his robbery conviction to a misdemeanor.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

III

DISPOSITION

The order denying defendant's Proposition 47 petition to reduce his 1988 robbery

conviction to a misdemeanor is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

CODRINGTON
J.

SLOUGH
J.

6